UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| FRANK RAYKOVITZ, Individually and for Others Similarly Situated, | Case No. _____ |
| Plaintiffs, | Jury Trial Demanded |
| v. | FLSA Collective Action |
| ELECTRICAL BUILDERS, INC. | |
| Defendant. | |

## ORIGINAL COLLECTIVE ACTION COMPLAINT

### SUMMARY

1. Electrical Builders, Inc. (EBI) has failed to pay Frank Raykovitz (Raykovitz) and other workers like him, overtime as required by the Fair Labor Standards Act (FLSA).

2. Instead, EBI pays Raykovitz, and other workers like him, the same hourly rate for all hours worked, including those in excess of 40 in a workweek.

3. Raykovitz brings this collective action to recover unpaid overtime and other damages.

### JURISDICTION AND VENUE

4. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the claim occurred in this District and Division. **THE PARTIES**

6. Raykovitz is an hourly employee of EBI.

7. Raykovitz worked for EBI from approximately September 2018 until May 2019.

8. His written consent is attached here as Exhibit A.

9. EBI is headquartered in St. Cloud, Minnesota.

10. EBI may be served with process by serving its registered agent **Corporation Service Company, 40 Technology Parkway South, Suite 300, Norcross, Georgia 30092, USA.** COVERAGE UNDER THE FLSA

11. At all relevant times, EBI was an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

12. At all relevant times, EBI was an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

13. At all relevant times, EBI was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), because it had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials – such as cell phones, computers, walkie-talkies, hardhats, and personal protective equipment - that have been moved in or produced for commerce.

14. At all relevant times, EBI had an annual gross volume of sales made in excess of $1,000,000.

15. At all relevant times, Raykovitz and the Putative Class Members (defined below) were engaged in commerce or in the production of goods for commerce.

### THE FACTS

16. EBI touts that it is the "[n]ation's [p]remier [i]ndustrial [e]lectrical and [w]elding [c]ontractor."[1] Indeed, "EBI is the nation's premier high power conductor service provider and has been involved with some of the most prestigious utility and substation projects."[2]

---

[1] http://www.electricalbuilders.com/ (last visited July 3, 2019).
[2] http://www.electricalbuilders.com/about/ (last visited July 3, 2019).

17. Raykovitz worked for EBI from approximately September 2018 until May 2019.

18. Raykovitz performed work for EBI at Plant Vogtle in Waynesboro, Georgia.

19. Raykovitz was an Electrical Field Engineer and Superintendent for EBI.

20. Raykovitz wrote the work packages and overseeing the installation of cabling for nuclear plants.

21. Raykovitz reported the hours he works to EBI on a regular basis.

22. Raykovitz was not guaranteed a salary.

23. If Raykovitz worked fewer than 40 hours in a week, he was only paid for the hours worked.

24. Raykovitz regularly worked over 40 hours in a week.

25. In fact, Raykovitz routinely worked 60 to 90 hours per week.

26. Instead of paying overtime, EBI paid Raykovitz the same hourly rate for the hours he worked over 40 in a work week.

27. Raykovitz's hourly rate began at $55/hour, but that amount increased up to $75/hour.

28. For example, for the pay period beginning on March 11, 2019 and ending on March 17, 2019, Raykovitz worked 78 hours. EBI paid him the same rate ($70) for all of these hours, including those over 40.

| Employee Pay Stub | | Check number: | | | Pay Period: 03/11/19 - 03/17/19 | | Pay Date: 03/20/19 | |
|---|---|---|---|---|---|---|---|---|
| Employee | | | | | SSN | Status (Fed/State) | Allowances/Extra | |
| Frank J Raykovitz III, | | | | | | Married/Married Jt.1 Spouse Wk | Fed-2/0/GA-2/0 | |

| Earnings and Hours | Qty | Rate | Current | YTD Amount | Direct Deposit | | | Amount |
|---|---|---|---|---|---|---|---|---|
| ST - Hourly | 78.00 | 70.00 | 5,460.00 | 57,255.00 | | | | 4,046.57 |
| Deductions From Gross | | | Current | YTD Amount | Paid Time Off | Earned | YTD Used | Available |
| Health Premium (Pretax)-Direct | | | -108.27 | -1,190.97 | PTO | 1.08 | | 24.97 |
| Taxes | | | Current | YTD Amount | Non-taxable Company Items | | Current | YTD Amount |
| Medicare Employee Addl Tax | | | 0.00 | 0.00 | Health Ins Company-Direct | | 104.85 | 1,153.35 |
| Federal Withholding | | | -967.00 | -9,968.00 | Delta Dental Company-Direct | | 10.28 | 113.08 |
| Social Security Employee | | | -331.81 | -3,475.97 | Memo | | | |
| Medicare Employee | | | -77.60 | -812.93 | Direct Deposit | | | |
| GA - Withholding | | | -288.39 | -3,010.99 | | | | |
| | | | -1,664.80 | -17,267.89 | | | | |
| Adjustments to Net Pay | | | Current | YTD Amount | | | | |
| Travel Reimb - Direct | | | 369.23 | 4,246.16 | | | | |
| Dental - Add Fam Prem - Direct | | | -9.59 | -105.49 | | | | |
| | | | 359.64 | 4,140.67 | | | | |
| Net Pay | | | 4,046.57 | 42,936.81 | | | | |

29. The hours Raykovitz and the Putative Class Members (defined below) worked are reflected in EBI's records.

30. Rather than receiving time and half as required by the FLSA, Raykovitz only received "straight time" pay for overtime hours worked.

31. EBI's "straight time for overtime" payment scheme violates the FLSA.

32. EBI was and is aware of the overtime requirements of the FLSA.

33. EBI nonetheless fails to pay certain employees, such as Raykovitz, overtime.

34. EBI's failure to pay overtime to these workers was, and is, a willful violation of the FLSA.

### FLSA COLLECTIVE ACTION ALLEGATIONS

35. EBI's illegal "straight time for overtime" policy extends beyond Raykovitz.

36. EBI staffed workers paid "straight time for overtime" other than Raykovitz to Plant Vogtle.

37. EBI staffed workers paid "straight time for overtime" other than Raykovitz to facilities other than Plant Vogtle.

38. It is the "straight time for overtime" payment plan that is the "policy that is alleged to violate the FLSA" in this FLSA collective action. *Bursell v. Tommy's Seafood Steakhouse*, No. CIV.A. H06-0386, 2006 WL 3227334, at *3 (S.D. Tex. Nov. 3, 2006); *Wellman v. Grand Isle Shipyard, Inc.*, No. CIV.A. 14-831, 2014 WL 5810529, at *5 (E.D. La. Nov. 7, 2014) (certifying "straight time for overtime" claim for collective treatment).

39. EBI pays hundreds of workers using the same unlawful scheme.

40. Any differences in job duties do not detract from the fact that these workers were entitled to overtime pay.

41. The workers impacted by EBI's "straight time for overtime" scheme should be notified of this action and given the chance to join pursuant to 29 U.S.C. § 216(b).

42. Therefore, the class is properly defined as:

**All employees of EBI who were, at any point in the past 3 years, paid the same hourly rate for hours worked over 40 in a work week (or "straight time for overtime.") (Putative Class Members).**

## COLLECTIVE CAUSES OF ACTION

43. Raykovitz incorporates all previous paragraphs and alleges that the illegal pay practices EBI imposed on Raykovitz were likewise imposed on the Putative Class Members.

44. Numerous individuals were victimized by this pattern, practice, and policy which is in willful violation of the FLSA.

45. Numerous other individuals, like Raykovitz, indicated they were paid in the same manner and were not properly compensated for all hours worked as required by the FLSA.

46. Based on his experiences and tenure with EBI, Raykovitz is aware that EBI's illegal practices were imposed on the Putative Class Members.

47. The Putative Class Members were all paid straight time for overtime and not afforded the overtime compensation when they worked in excess of forty (40) hours per week.

48. EBI's failure to pay wages and overtime compensation at the rates required by the FLSA results from generally applicable, systematic policies, and practices which are not dependent on the personal circumstances of the Putative Class Members.

49. The specific job titles or precise job locations of the various Putative Class Members does not prevent collective treatment.

50. A collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

51. Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude collective action treatment.

## JURY DEMAND

52. Raykovitz demands a trial by jury.

## PRAYER

52. Raykovitz prays for relief as follows:

   a. An Order designating the Putative Class as a collective action and permitting the issuance of a notice pursuant to 29 U.S.C. § 216(b) to all Putative Class Members with instructions to permit them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b);

   b. For an Order pursuant to Section 16(b) of the FLSA finding EBI liable for unpaid back wages due to Raykovitz and the Putative Class Members for liquidated damages equal in amount to their unpaid compensation;

   c. For an Order awarding attorneys' fees, costs and pre- and post-judgment interest; and

    d.    For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted this the 22nd day of August 2019.

*/s/Troy A. Lanier*
Troy A. Lanier
State Bar No. 437775
Troy A. Lanier, PC
430 Ellis Street
Augusta, GA 30901
706-823-6800
tlanier@tlanierlaw.com

**ATTORNEY IN CHARGE FOR PLAINTIFF**