IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| FRANK RAYKOVITZ, Individually and for Others Similarly Situated | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CV 119-137 |
| ELECTRICAL BUILDERS, INC., | ) ) | |
| Defendant. | ) | |

_____

**O R D E R**
_____

Defendant moves to stay all discovery pending resolution of its motion to dismiss. (Doc. no. 42.) Should any portion of the case remain after the presiding District Judge's ruling on the motion to dismiss, Defendant also moves to stay discovery related to "putative class members" pending resolution of Plaintiff's motion for conditional certification of a class action. (Id. at 8-11.) On November 22, 2019, Chief United States District Judge J. Randal Hall stayed Defendant's response deadline to Plaintiff's motion for conditional certification pending resolution of Defendant's motion to dismiss. (Doc. no. 41.) For the reasons set forth below, the Court **GRANTS** Defendant's motion to stay. (Doc. no. 42.)

The "[C]ourt has broad inherent power to stay discovery until preliminary issues can be settled which may be dispositive of some important aspect of the case." Feldman v. Flood, 176 F.R.D. 651, 652 (M.D. Fla. 1997). Before deciding to stay discovery, the Court should:

> balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery.

> This involves weighing the likely costs and burdens of proceeding with discovery. It may be helpful to take a preliminary peek at the merits of the allegedly dispositive motion to see if on its face there appears to be an immediate and clear possibility that it will be granted.

Id. (internal citation and quotation omitted).

Based on a preliminary peek at the defense motion, the Court finds an immediate and clear possibility of a ruling "which may be dispositive of some important aspect of the case." Indeed, Defendant has moved for dismissal of the case in its entirety. (See doc. no. 20.) Additionally, resolution of Plaintiff's motion for conditional certification will greatly impact the number of claims and scope of discovery. Thus, when balancing the costs and burdens to the parties, the Court concludes all discovery should be stayed pending resolution of Defendant's motion to dismiss, and discovery regarding the putative class members should be stayed pending resolution of Plaintiff's motion for conditional certification. See Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1367 (11th Cir. 1997); Moore v. Potter, 141 F. App'x 803, 807-08 (11th Cir. 2005); Colson v. Cableview Comm. of Jacksonville Inc., No. 3:09-cv-850-J-34JRK, 2010 WL 11507875, at *3-5 (M.D. Fla. April 4, 2012) (staying discovery of putative class member pending conditional certification).

Plaintiff contends a stay will be injurious because the statute of limitations for other putative party plaintiffs is eroding. As the presiding District Judge remarked, "[i]t is unclear to the Court how staying the briefing schedule pertaining to the Motion for Conditional Certification will preclude prospective plaintiffs from exercising their rights." (Doc. no. 41.) Plaintiff argues discovery may be required for determination of Plaintiff's motion for conditional certification of the class action, citing numerous cases from district courts within the Eleventh Circuit. (Doc. no. 45, pp. 9-12.) However, Defendant also cites numerous cases

2

within the Eleventh Circuit allowing a stay of discovery pending conditional certification. (Doc. nos. 42, 46.) The first step, or "notice stage," in the two-step conditional certification approach under Hipp v. Liberty Nat'l Life Ins. Co., 252 F.3d 1208, 1218-1219 (11th Cir. 2003), typically considers only the pleadings and attached affidavits. Colson, 2010 WL 11507875, at *3-5; Crawford v. Dothan City Bd. Of Educ., 214 F.R.D. 694, 695 (M.D. Ala. 2003). Further, Plaintiff's filing of his motion for conditional certification shows he believes he has enough information to warrant a favorable ruling, and consideration of whether discovery is necessary for resolution of Plaintiff's motion for conditional certification is a matter entirely within the discretion of the presiding District Judge.

Thus, the Court **STAYS** all discovery in this action pending resolution of Defendant's motions to dismiss, (doc. no. 20), and **STAYS** all discovery related to the "putative class members" pending resolution of Plaintiff's motion for conditional certification, (doc. no. 35). Should any portion of the case remain after resolution of both motions, the parties shall confer and submit a Rule 26(f) Report, with proposed case deadlines, within seven days of the presiding District Judge's ruling.

SO ORDERED this 30th day of December, 2019, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA